I'd just like to acknowledge briefly that this is the first sitting of our new colleague, Judge Kara Stowell, and on behalf of the panel and the Court, I just would like to let her know how thrilled and honored we are to have her with us and what a pleasure it is to welcome her today to be with us. First case this morning is 15-5009, Gray Owl Services v. United States. Is it Ms. Dugan? Yes, Your Honor. Please proceed. Thank you, Your Honor. May it please the Court, Mary Ann Dugan for the plaintiff, Gray Owl Services. I would like to reserve five minutes for rebuttal, if I may. There's a fairly narrow issue on appeal. The case was thrown out on a motion to dismiss on the pleadings. The Court's claims held that a regulation, 48 CFR 42, a set of regulations, 42.1500 at SEC, were not incorporated into the contract that my client entered into with the Forest Service. And the... And what is your view? Were they incorporated? If so, is everything incorporated? Is there something peculiar about these regs that we should infer that they were incorporated? No, Your Honor. I believe the universe of regulations is incorporated into a federal contract. But those that are relevant to the performance of the contract and here, actually, they were incorporated literally by reference, by the reference to the fair opportunity to respond to performance evaluations, that's in the record, JA 68. That's part of the contract. But even if... And so that portion of the contract does not specifically reference the regs by numbers, by citation, but incorporates the concept of a fair opportunity to respond. The regulations themselves, which are relevant, are 48 CFR 42.1502 and 1503, which provide that when the contractor contracts with the Forest Service, the Forest Service is supposed to prepare a performance evaluation for the completed work at the time the work is completed. That's the wording of the regulation. And then as soon as practicable, it is to be provided to the contractor and the contractor is to have a minimum of 30 days to respond, to rebut, to provide additional information. And what happened here was that the work was completed in December of 2010. The evaluation was completed in March of 2011, but not provided to the contractor until September, late September of 2011. So what is your problem here? What if the evaluation had not been completed until September? Is your issue with the fact that it was completed and not given to you or that just it was not given to you in a timely way, even if it had been completed, in other words, in September, you would still be complaining that they didn't comply? I think if it hadn't been completed in a timely manner after the work was done, then we would have an issue with a violation of 42.1502, which says that the evaluation is to be completed when the work is completed. Obviously, that's a little fuzzier than, you know, the language in 1503, which is as soon as practicable after that, give it to the contractor. And so we are not presented with the issue of whether the evaluation was prepared in a timely manner. If it had been provided to the contractor right after, as soon as practicable after it was prepared in March, he certainly would have had time to rebut, to bring in his witnesses to say, you know, maybe this was a case of mistaken identity, where you're saying I was rude to your workers. And to make matters worse, even when the plaintiff FOIAed, he prepared a Freedom of Information Act request, and there was a response in April 2011, which was after the evaluation was prepared, and it didn't include the evaluation. And then the Forest Service solicited bids from him. He had been a long-time contractor with the Forest Service, doing wildlife restoration work, and they even went out of their way, this was in JA23, in April, after the evaluation, to tell him that his work was appreciated, he had completed the project, quote, successfully, and quote, your continued interest and participation in the Forest Service Acquisition Program is welcome. And then, you know, he takes all this time to go out in the woods to, it took him two or three days to go and look at the sites and make sure he knew what he was bidding on, prepare a bid, and then his bid was rejected. You said earlier that you thought that this clause was expressly incorporated with page JA68, is that right? Yes. Where is that, at page JA68? So the contract, at 68, says, Fair Opportunity, is the name of that section. Each contractor, contract holder will be given fair opportunity for the task order issued, past performance, quality control, and price prior to award and during contract performance will be considered on task orders. The past performance, and I would say even, especially since it's capitalized, is a direct reference, I would argue, to 42-1502, which uses the phrase past performance evaluation. And, you know, I admit it's not explicit, it doesn't cite the regulation, but there is a regulation on point that talks about past performance and that's the ones, the regulations we're discussing. Then the Christian doctrine states that law is to be read into the contract if it's required by the regulations. For example, in this court's decision in the Rockies case, the court noted, for example, termination for convenience, which is a common provision that the Forest Service invokes. For example, if there's an environmental lawsuit, there's an injunction, the Forest Service will terminate the contract for convenience. And in this court's decision in the Rockies case, they said, the court said even, so that provision, even if it's not in the contract, is incorporated by reference. Can I ask you a question about the Christian doctrine? How do you square your position with FAR Part 52, which is titled Solicitation Provisions and Contract Clauses, whereas the Part 42 that you're relying on is titled Contract Administrative and Audit Services? How do you square that position, given that Part 52 actually talks about provisions and contract clauses and expressly says they're required to be interpreted or read into the contract? Well, I think the Christian doctrine goes further than only requiring incorporation by reference of contract regulations that talk about how to write a contract. Here, there's regulations that are for the protection of the public. They're to support, to make sure there's competition, fair competition. And it's also to be fair to the contractor. You know, you have a contractor who maybe, you know, their competitor is making phone calls to the Forest Service saying terrible things about them. It's not true. The contractor should have an opportunity to respond. And all of that is in the public interest. And the Christian doctrine says that where there's a regulation that, you know, is well established, everyone's aware of it. It's not like it's a little secret rule as in the Smithson case, which the Court of Claims relied on. And nobody could say they weren't aware of these regulations, neither side. And so where, you know, most of the case law under the Christian doctrine is where contractors were arguing, hey, you know, you can't enforce this contract against me because it's not in the contract. And the courts have said, well, no, there's a big difference in how contracts work. And we're going to incorporate them by reference. So unlike the Smithson case where it was just kind of this obscure internal guideline, which will not be incorporated by reference. We have a rule. It's been promulgated. It's in the Federal Register. It's in the section. It's right next to the section about how to write a Forest Service contract. And then, you know, then you talk about how to administer the contract. And here you have people who have contracts that go on for years and years and get renewed. And in fact, they reached out to him to bid because he was a valued contractor. So it's not just a one-time, we have a one-year contract. Here's how to write it. Goodbye. You know, it's going to be administered. And then there's going to be an opportunity to respond to. Can I follow up on that point about Christians? I thought that it only applied to mandatory contract clauses. Am I wrong in my understanding of that doctrine? Well, I think, so it's mandatory that the government follow its own regulations. That's kind of a core... No, if that were logically true, then mandatory would have no meaning and every single government regulation would automatically be interpreted as the contract. Well, you have to have, obviously, you have to have standing, for example, to enforce a contract provision. You can't be someone outside the contract and say, hey, you didn't, you know, you didn't do... But under your logic, then every person who is a party to the contract would be able to hold the government to every single regulation. They would all be incorporated in. I don't understand your argument about how mandatory, how this is a mandatory contract clause or what Christian means by mandatory contract clause. Well, I think the only way to really put that in context is to look at the cases that are because it wasn't a promulgated regulation. And you mentioned the Rockies case, and you said termination by convenience was not written into the contract, but it was nonetheless incorporated in. I have the Rockies case right here, and actually it rejects that argument. It comes out exactly the opposite way of what I thought I heard you represent to us a few minutes ago. Well, the Rockies... It talks about Christensen, what Christensen stands for, and it's only when a contract clause would be required by regulation. Well, what I was reading was a quote from page 1338, which says that Christian stands for the proposition that if the parties to a government contract neglect to include a clause in the contract that is otherwise required by regulation... For example, a termination for convenience. Okay, well, I see. The courts will read that clause into the contract. Now I understand what you were saying. That's not the clause that was at issue. No, no, you're right, Your Honor. The clause at issue in Rockies was actually rejected. I misunderstood. I thought you were saying in the Rockies case we held that that clause that was at issue was under the Christian doctrine something that had to be incorporated in. I totally understand the point you made. I was being unclear, though, and thank you. Thank you for clarifying that. And I see that I'm into my rebuttal time. Why don't we hear from the government? Thank you. Help me with your pronoun. Mingyu Oh, Your Honor. Welcome. Good afternoon. Good morning, Your Honor. This may please the Court. The first thing I'd like to address is plaintiff's appellant's argument that there was express incorporation of FAR 42.1502XX. Your Honor, to accept Gray-Owl's line of reasoning would diminish what St. Christopher said, would diminish what Smithson said, would diminish what Northrop Grumman said. And what those cases stated was that in order for regulatory provisions to be incorporated into contracts, there needs to be expressed intentional language of incorporation. Even if we accept that, is there any way in which a person on the other end of this case can ever enforce one of these provisions? If we agree with you that these regulations, unless they're explicitly put into the contract, they're not the subject of a breach of contract action. But does that mean that the government can go ahead and follow whatever regulations it wants or not, and there's no way for a contractor who's at the receiving end of this to get some... The answer to that is no, Your Honor. There is a way to enforce it. And I think this was actually addressed in the Todd construction case, which plaintiff's appellant Gray-Owl cites, which says in footnote six that the regulation applies of its own force. And I think this is significant. I'm sorry. The regulation applies of its own force, separate and apart from the contract. So what that decision said was we are not suggesting that a performance evaluation regulation should be read into the contract, but that it's an enforceable regulation and it applies of its own force. It has the force... That's conceivably one way it could be brought. Another way... There's no money mandating statute here. It couldn't be a Tucker Act claim. Right. And the other way it could be brought is under just a broad-based CDA claim, because the CDA is broader than just the restricted narrow interpretation of what qualifies as a breach of contract. When you're bringing a claim under the CDA, you can bring claims related to a contract action, related to the performance of a contract. And the most typical way that's typically brought is reformation actions. That's not a breach of contract action. That's an action saying we want to reform the contract. And under the CDA, you can bring that because that's related to the performance of a contract. And I think this gets directly to what Judge Stoll mentioned, which is how do you reconcile FAR 52 and then FAR 42, one regarding contract clause, one regarding administration. And I think that creates the distinction. Part of it can be brought as breach of contract actions, and that would align with what St. Christopher said, what Smithson said, what Northrop Grumman said. Those are breach of regulations. That's a regulatory action. You can argue under the CDA that this is related to the performance of a contract and bring a separate independent action under that. That's not what's at issue here, because plaintiffs argued for a breach of contract action. And to make this point clear, we gave GRAIL multiple opportunities to exactly articulate what kind of claim they were bringing. Number one, their complaint. They said this is a breach of contract action. We moved to dismiss, and we said they haven't fled all the elements of a breach of contract claim, because there's no reference to FAR 42. Slow down. I can't hear as quick as you can talk. I'm sorry, Your Honor. Sure. I'm a little amped up right now. Sure, Your Honor. So in the complaint, Your Honor, they said this is a breach of contract action. We moved to dismiss, and we said you haven't fled all the necessary elements. Where is the supposed contract provision that has purportedly been breached? And then we also Let me ask you, but if they were going to go the CDA route, we have these cases few and far between. They'd have to bring it to a contracting officer, and is that a prerequisite? Yes, Your Honor. Are they time-barred from doing that at this point? I haven't done the math calculation. I think they might be time-barred, because it would be a year after the contracting officer's decision. I don't have a firm answer, unfortunately, Your Honor. I haven't looked into it. But I do think we gave them multiple opportunities to exactly articulate what claim they were bringing. We didn't just move to dismiss. We moved for a more definite statement. We said we understand this to be a breach of contract action. All the elements of the claim have not been met. But if anything about what we are arguing, our articulation of the complaint is unclear, this is the opportunity. And at the motion to dismiss phase, it's not what conceivably could have been pleaded. It's what are you pleading? And what they stated in their opposition But there's nothing they could have pled to make this a valid breach of contract. to make this a breach of contract claim. But they could have made this, I think, a standard stand-alone CDA claim, Your Honor. And that would have been permissible under Todd. And under the CDA claim, what would be the remedies that they would be entitled to? That would conceivably get into what types of remedies the regulation contemplated, I think. Again, it would be going far afield from the facts of this case. I'm not sure even that would go to a money damages type suit. I mean, the most conceivable situation is where one would argue, I got a performance evaluation, I didn't deserve this negative evaluation, and directly challenge the merits of that evaluation. But again, that's not an issue here. They're not even arguing about the fact that they got a negative evaluation. No, but they are arguing about the fact that all indications that this contractor had received from the government was, great job, we love you, come back again, we want you to keep bidding on our project, door's always open. Meanwhile, there was secretly, behind the scenes, this really negative performance evaluation, which was going to thwart his ability to get subsequent jobs, but he was unaware of it, because under the regs, they didn't give it to him. So then he wasted his time going out and spending days and putting together a bid. I mean, it's unfair. It doesn't feel like the way you'd want the government to act. I mean, I know sometimes it's hard to tell people when they don't do a good job, right? You just want to say, good job, and pass the buck along. But, you know, I mean, in this case, it cost him a lot of time and money that he could have devoted to other projects, and so I'm wondering what can be done, if anything, about that, so the government doesn't keep doing this and disadvantage these contractors in this manner. Well, Your Honor, I think the first thing we have to point out is that the case was decided at the pleading stage, so I understand that's what the plaintiff pleads. We need to do discovery, so we are going based on the... Well, he can accept it, doesn't he? He's going to accept it. Right, right. So we can accept that to be the case. But the second thing I would state, Your Honor, is they're not contesting that they never got the evaluation. They got it. They got it, and they're not contesting that it should have been negative or that... No, but they got it really late. They got it at a time which had caused them to already go forward and expend a lot of time and energy preparing a contract they wouldn't have done had they gotten that evaluation earlier. That brings us to, I think, another point, kind of critical to this case, which is the You have to plead some type of articulable damages, and Wells Fargo expressly precludes the type of damages that they're seeking. Now, they claim that they lost some business opportunities. I think you misunderstand my point. I'm not saying that you should lose. In fact, it's kind of hard for me to see how you will. However, I don't think the way the government behaved here is very good, and I know that you can't personally go back and find these people and say, don't tell people they did a good job if they actually did a bad job, and if they did do a bad job, give them their evaluation sooner. But that's sort of the heart of what I'm getting at. You brought up the idea that they could have pursued this under a CDA claim, and I'm thinking, you know, not to get the relief that they are seeking, and how is that at all? I mean, if the government created a reg that says we've got to give people their past performance evaluations as soon as practicable, and then it doesn't do it, well, that doesn't seem right. It doesn't seem right that they then don't do it, and then people spend time and money and energy doing things unnecessarily. I'm not precisely sure that's irremediable under a standard CDA action. The CDA action could potentially contemplate some type of money damage situation. I'm just saying that the regulation as I read it wouldn't necessarily get there, and in fact, the remedy you would think might not be money damages. It's much broader than that. I think when you're articulating a breach of contract claim, you're restricted because automatically the presumptive remedy in that case is money damages, and so I think that's kind of the spectrum under which we have to evaluate how this claim was brought. They brought this as a breach of contract claim, and so the first question you ask is, well, where is this in the contract? We gave them multiple opportunities to re-articulate what their position was, what their theory is, through a motion for more definite statement. In multiple instances in their opposition, they said this is a breach of contract action, this is a breach of contract action, for jettisoning the other possible theories under which they could have brought the case, and it was on that basis the trial court decided the case under St. Christopher. St. Christopher clearly controls in this instance. That case involved an agency regulation that says an agency must do this, and what the court said is we need express intentional language of incorporation, and that is lacking in this instance. It is upon these grounds we think that the Federal Circuit should uphold the trial court's decision. I would like to ask you a question about the Christian doctrine. Sure, Your Honor. So, is it your position that the clause has to be mandatory, or does it have to be both mandatory and express a significant or deeply ingrained strand of public procurement policy? Could it just be something that expresses a significant, deeply ingrained public procurement policy, or does it also have to be mandatory? That's my question. That's a hard question, but I think we can look at the three cases using the Christian doctrine that will kind of explicate what that standard is. Number one, if you look at Christian, there was a provision of law that said the termination for convenience clause has to be incorporated. You look at General Engineering, again, there was a regulatory clause that said this provision has to be incorporated, and then you look at SJM Rosso, again, there was a regulation that said this provision, or I'm sorry, the Buy American Act has to be incorporated into a contract, and what it looks like is that the parties understanding that there was this law that said these had to be incorporated into contracts, that these were mandatory contract clauses, for some reason didn't put it into the contract. What the court did in that instance was incorporate it because there was a provision of law that required it. I think that's the way you have to read those cases. So, my understanding is if there's a regulatory provision or some form of law that says this provision must be required in these types of contracts, then Christian would apply. Is there no further questions? I just want to clarify that the plaintiff did file a GAO complaint regarding the failure to award the new contracts, and so he pursued the remedies he can in separate venues. As far as the APA... Was the complaint before the GAO failure to get the new contracts, was that part and parcel of saying there wasn't a timely evaluation of this, or is that separate? Well, no. Ironically, what happened was he didn't even know about the negative evaluation until after he filed the GAO complaint, and then as part of the record, the agency finally provided the evaluation, and that's when he finally got to respond. And what's the status of that? The GAO rejected the challenge. And do you have an appeal route from the GAO's determination? There's a second level of appeal within the GAO, I believe, but we didn't go beyond that. And as far as the APA, there's no damages available under the APA. It's unclear what kind of remedy would be available at this late a date. So, when the defense counsel talks about a motion for a more definite statement, we're stuck with a breach of contract claim. We're in the court of claims. We're trying to argue for damages. There aren't other theories that can be created here. So, you have to look at the contract itself, and the defendant's view deprives the fair opportunity clause in the contract of any meaning, because that is the provision of the contract. So, what does it mean? It's using language that is the parties are assuming that there's going to be an ongoing relationship of rebidding and being evaluated fairly on that past performance. And I realize that this is different from other cases that have been before the court, but I think that it's a matter of public policy. It's fair, and it's the way to interpret this contract. Thank you, Your Honors. Thank you. I thank both counsel and the cases submitted.